UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARC RAMIREZ, :
:
        Petitioner :
:
v. : CIVIL NO. 4:CV-07-50
:
JONATHAN C. MINER, : (Judge McClure)
:
        Respondent :

## **MEMORANDUM**

June 25, 2007

## **Background**

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241was initiated by Marc Ramirez ("Petitioner"), an inmate presently confined at the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania ("LSCI-Allenwood"). Named as sole Respondent is LSCI-Allenwood Warden Jonathan C. Miner.

Petitioner does not challenge the legality of his underlying criminal conviction or sentence. Rather, his petition seeks an immediate transfer to a Community Corrections Center ("CCC"). Specifically, Ramirez states that his projected release date is December 26, 2007. On December 18, 2006, Petitioner submitted a written request to his LSCI-Allenwood Case Manager Dan Thomas asking

1

that he be considered for immediate placement in a CCC. The Case Manager allegedly told Petitioner that because the prisoner had "resources," he did not require "more than three (3) months of CCC placement."[1] Record document no. 1, p. 2. Case Manager Thomas purportedly added that the Petitioner was not eligible for CCC designation until June 26, 2007, six (6) months prior to his scheduled release date. Ramirez generally argues that the Federal Bureau of Prisons ("BOP") failed to adequately consider "the resources of the facility contemplated" and "the history and characteristics of the prisoner" in making CCC related determinations. Id. at p. 3. Ramirez contends that the BOP's disposition of his request for CCC placement was improper because it failed to consider that he: (1) was unable to finish his college degree; (2) lacks an official photo ID; (3) has received little help in developing employment prospects; (4) has little family and community contact at his present place of incarceration; (5) requires dental care; (6) re-familiarize himself with New York City (his intended place of residence) ; and (7) may not be able to live with his children and their mother. Petitioner concludes by asserting that he is entitled to immediate CCC placement under the standards announced by the Court of Appeals for the Third Circuit in Woodall v. Lindsay, 432 F.3d 235 (3d Cir. 2005).

      Following service of the petition, the Respondent filed a response arguing that the petition should be dismissed for failure to exhaust administrative remedies.[2] In the alternative, the Respondent contended that Ramirez was not entitled to relief because he does not have a constitutional right to serve the remainder of his sentence

---

1. The resources listed by Thomas were family, some education, and money deposited in his account. See id.

2. Petitioner argues that he should be excused from the exhaustion argument due to time restraints.

in a CCC and that decisions regarding his place of confinement are within the sole discretion of the BOP.

By Order dated May 31, 2007, this Court directed the Respondent to submit a supplemental response which addressed the question of whether Ramirez is entitled to relief under Woodall. Respondent timely submitted a supplemental response and Ramirez subsequently filed a reply. Consequently, this matter is now ripe for consideration.

**Discussion**

**Exhaustion**

The Respondent's initial argument is that Ramirez's petition should not be entertained because he failed to exhaust his available BOP administrative remedies. Petitioner counters that he should be excused from the exhaustion requirement due to the nature of his claims and time restraints.

It is initially noted that in Woodall, the Court of Appeals for the Third Circuit recognized that claims such as those raised in the present petition are properly asserted in a habeas corpus petition because they regard the execution of the applicant's sentence. See Woodall, 432 F.3d at 237. Second, the Court of Appeals in Woodall also held that "the purposes of exhaustion would not be served" by requiring exhaustion of administrative remedies in cases such as the present case where the Petitioner is challenging the validity of BOP regulations. Id. at 239, n. 2. It agreed with the district court's assessment that pursuit of BOP administrative remedies in such cases would be futile. Based on the rationale set forth in Woodall, the Respondent's non-exhaustion argument is not compelling and Ramirez will be excused from compliance with the administrative exhaustion requirement.

3

**Merits**

Respondent argues that the petition should be dismissed because the Petitioner does not have a constitutional right to serve the remainder of his sentence in a CCC. Furthermore, habeas corpus relief is also not appropriate because the BOP considered all of the § 3621(b) factors in making its recommendation that Ramirez be provided with a 150 to 180 day CCC placement.

The following facts are undisputed. Ramirez is presently serving a 235 month sentence following his conviction on drug related charges. The sentence was imposed in 1991. Petitioner is presently scheduled for release on December 26, 2007 via good conduct time release. Following a February, 2006 program review, Ramirez was informed by his unit team that he would be recommended for a June, 2007 transfer to a CCC. During December, 2006, Petitioner made a written request to his Case Manager seeking immediate placement in a CCC. On January 10, 2007, Ramirez filed a habeas corpus petition with this Court. A referral recommending that Petitioner be provided with a 150-180 day CCC placement was made on behalf of the Petitioner in February, 2007. On April 27, 2007, the Petitioner was notified that he had been accepted into a CCC with a report date of July 3, 2007. As a result, Ramirez will serve just under 180 days in a CCC.

It is well-settled that a prisoner has no justifiable expectation that he will be incarcerated in a particular prison or facility. Olim v. Wakinekona, 461 U.S. 238 (1983). With respect to federal prisoners, the BOP has the power, pursuant to 18 U.S.C. § 3621(b), "to designate the place of confinement for purposes of serving" sentences of imprisonment. Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991). § 3621(b) also lists factors for consideration in making placement and transfer

4

determinations. The factors listed include the history and characteristics of the prisoner and the nature and circumstances of the underlying criminal offense.

18 U.S.C. § 3624(c) requires the BOP to prepare prisoners for re-entry into society. It provides that a reasonable part of an inmate's sentence, not to exceed six (6) months or 10% of the sentence, to be served under conditions which will afford the prisoner a reasonable opportunity to prepare for re-entry into the community.

Previously, the BOP regularly considered prisoners for CCC placement for up to six (6) months at the end of their sentences. The total sentence length was not taken into consideration. However, in December 2002, the BOP enacted a new policy which provided that it did not have the authority to place an inmate into CCC at any time. Rather, the period of residence in a CCC was limited to the lesser of 10 % of the total sentence or six (6) months. During February, 2005, the BOP initiated new regulations which acknowledged its general discretion to place an inmate into CCC at any time as part of pre-release custody, but generally limited the CCC placement to either the last 10% of the sentence being served for a period not to exceed 6 months. See 28 C.F.R. § 570.21(a).

In Woodall, the Third Circuit Court of Appeals agreed that the 2005 regulations were "unlawful" because they did not allow the BOP to consider the mandatory factors cited under § 3621.   Id. at 244.  It noted that the challenged regulations conflicted with Congressional intent by providing that the BOP need not consider the § 3621 factors. As a result of Woodall, Ramirez was entitled to an individualized determination of his eligibility based upon consideration of the factors enumerated in § 3621. In the present case, the BOP has already concluded that Ramirez is eligible for CCC placement.

Petitioner indicates that the BOP's eligibility determination failed to take into consideration such factors as his need to obtain a photo identification and better dental care, his failure to obtain a college degree (there is no indication that he would be able to obtain his degree if he had been granted CCC placement as of December, 2006), and other factors relating to his intention of residing with family members in the New York City area. However, Petitioner does not adequately explain why those factors warrant longer CCC placement.

Ramirez is also asserting that under Woodall he was entitled to consideration for CCC placement approximately one year prior to his scheduled release date. Woodall recognizes that the BOP may transfer an inmate to CCC "prior to the last 6 months or 10 % of his sentence and requires the BOP to consider the § 3621 factors in making any such determination. See id. at 251.

The statutory authority for placement of an inmate in pre-release custody near the end of his sentence is 18 U.S.C. § 3624(c), which in pertinent part provides:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement.

Other courts within this district have recognized that a federal inmate has no right to consideration for CCC placement one (1) year prior to release. Pacitti v. Lindsay, Civil No. 3:CV-06-783, 2006 WL 1274997 at *2 (M.D. Pa. May 8, 2006)(Conner, J.); Encarnacion v. Lindsay, Civil No. 3:CV-06-133, 2006 WL 266108

6

(M.D. Pa. Jan. 31, 2006)(Caputo, J.).  In White v. Hogsten, Civil No. 1:CV-06-1088, 2006 WL 1878328 *2  (M.D. Pa. July 6, 2006)(Conner, J.), it was concluded that a federal inmate's reliance on Woodall was premature because he was not eligible for CCC consideration until he approached the end of his sentence.

This Court agrees with the rationale announced in the post-Woodall holdings of Pacitti, Encarnacion, and White, and likewise finds that although the BOP had discretion to place Ramirez in a CCC at any point during his prison term, he was not entitled to consideration for CCC placement in December, 2006.  Second, based upon a review of the record the Petitioner has failed to satisfy his burden of establishing that the BOP's CCC eligibility determination did not properly consider the enumerated factors of § 3621(b).[3]  The reasons cited by Ramirez do not on their face provide sufficient justification for his claim that he requires eleven (11) months of CCC placement.  Furthermore, since the Petitioner has been afforded favorable CCC consideration resulting in his placement in a CCC for a reasonable period of time, his petition to the extent that it asserts a violation of Woodall is subject to dismissal.  The petition for writ of habeas corpus will be denied.  An appropriate Order will enter.

                                                           s/ James F. McClure, Jr.
                                                          JAMES F. McCLURE, JR.

---

3.  A declaration submitted under penalty of perjury by LSCI-Allenwood Case manager Kendahl Gainer states in considering Petitioner for CCC placement (and recommending him for a 150-180 day period of CCC custody) the prisoner's Unit Team considered all of the factors enumerated under § 3621(b). See Record document no. 11-2, ¶ 8.

7

United States District Judge
UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARC RAMIREZ, :
                                            :
        Petitioner :
                                            :
     v. : CIVIL NO. 4:CV-07-50
                                            :
JONATHAN C. MINER, : (Judge McClure)
                                            :
        Respondent :

## **ORDER**

June 25, 2007

In accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT;

        1.     The petition for writ of habeas corpus is DENIED.

        2.     Petitioner's motion for judgment on the pleadings (Record document no. 10) is DENIED.

        3.     The Clerk of Court is directed to CLOSE the case.

        4.     Based upon the Court's determination there is no basis for the issuance of a certificate of appealability.

                                                         s/ James F. McClure, Jr.
                                                         JAMES F. McCLURE, JR.
                                                         United States District Judge